IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on January 31, 2014

**VALERIE ANN TIPTON v. JOEL DAVID CONSTANCE**

**Appeal from the Family Court for Rhea County**
**No. 25652     James W. McKenzie, Judge**

---

**No. E2014-00143-COA-T10B-CV-FILED-FEBRUARY 14, 2014**

---

This is an interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B from the Trial Court's denial of a Motion to Recuse in a post-divorce proceeding. Having reviewed the petition for recusal appeal filed by the Petitioner/Former Husband, Joel David Constance ("Petitioner"), pursuant to Rule 10B of the Rules of the Tennessee Supreme Court, we affirm the Trial Court.

**Tenn. R. App. P. 10B Interlocutory Appeal as of Right;**
**Judgment of the Family Court Affirmed**

CHARLES D. SUSANO, JR., P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, and JOHN W. MCCLARTY, J.J., joined.

Michael M. Raulston, Chattanooga, Tennessee, for the appellant, Joel David Constance.

Elizabeth Greer Adams, Dayton, Tennessee, for the appellee, Valerie Ann Tipton.

**OPINION**

This appeal arises out of a post-divorce proceeding between Petitioner and his former wife, Valerie Ann Tipton ("Respondent"). The parties were divorced in April of 2008. According to the petition filed in this Court, Petitioner filed a Motion to Recuse the Trial Court Judge in the post-dissolution contempt proceedings initiated in December of 2012. The motion was considered at a hearing conducted on December 16, 2013. The Trial Court Judge denied the motion by written order entered on January 8, 2014.

## ANALYSIS

Appeals from orders denying motions to recuse or disqualify a trial court judge from presiding over a case are governed by Rule 10B of the Rules of the Supreme Court of Tennessee. Pursuant to section 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal of a trial court judge. The appeal is effected by filing a "petition for recusal appeal" with the appropriate appellate court. Tenn. Sup. Ct. R. 10B, § 2.02.[1] The petition for recusal appeal "shall be accompanied by copies of any order or opinion [of the trial court] and any other parts of the record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03. "If the appellate court, based upon its review of the petition and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court." Tenn. Sup. Ct. R. 10B, § 2.05. Rule 10B goes on to provide that "[t]he appeal shall be decided by the appellate court on an expedited basis upon a de novo standard of review. The appellate court's decision, in the court's discretion, may be made without oral argument." Tenn. Sup. Ct. R. 10B, § 2.06. While not explicitly stated as such in the rule, it is clear that the only record the appellate court generally will have in expedited appeals under Rule 10B is the record provided by the appellant with his or her petition pursuant to the mandatory language of section 2.03 of the rule.

We have determined in this case after a review of the petition and supporting documents submitted with the petition that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by Petitioner is insufficient to support a finding of error on the part of the Trial Court. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of the rule.

The record submitted by Petitioner with his petition for recusal appeal does not include the written Motion to Recuse alleged to have been filed in the proceedings below, which Rule 10B states must contain certain required assertions of fact. See Tenn. Sup. Cr. R. 10B, § 1.01 ("The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or

---

[1]Petitioner initially filed his petition for recusal appeal in the Supreme Court of Tennessee on January 24, 2014. The Supreme Court transferred the petition to this Court by order entered on January 28, 2014, noting that this Court was the "appropriate appellate court" in which to file the petition pursuant to section 2.02 of Rule 10B of the Rules of the Supreme Court of Tennessee.

needless increase in the cost of litigation."). Without this necessary part of the record, we cannot conclude that the Trial Court erred in denying the Motion to Recuse.

We emphasize to counsel that the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court so as to allow this Court to meet its obligations under section 2.06 of the rule, which requires this Court to decide these appeals "on an expedited basis....". As such, it is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance.

## CONCLUSION

Having determined that the record provided by Petitioner is insufficient to support a finding of error on the part of the Trial Court, we affirm the Trial Court's denial of the Motion to Recuse. This case is remanded to the Trial Court for further proceedings consistent with this Opinion. Petitioner and his surety are taxed with the costs of this appeal, for which execution may issue.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE